MRS. M. R. KINSEY, Appellant, v. W. J. MASSEY, Appellee.

**BAILMENT:** Conversion—Liability of Bailee. The bailee of an article
1  is liable to the bailor for the reasonable value of the article when
the bailee sells it after receiving it under an agreement to credit
the bailor with a certain amount on a contemplated purchase of a
new article of the same kind, it appearing that the bailor had
abandoned his former contemplated new purchase.

**EVIDENCE:** Opinion Evidence—Value—Selling Price. The issue of
2  the value of an article is quite conclusively settled by evidence that
the defendant had sold the article for the very sum which plaintiff
contended was its value.

**Headnote 1:** 6 C. J. pp. 1128, 1164.  **Headnote 2:** 22 C. J. p. 185.

**Headnote 1:** 3 R. C. L. pp. 112, 154.  **Headnote 2:** 3 R. C. L. 156.

*Appeal from Des Moines Municipal Court.*—J. E. MERSHON,
Judge.

NOVEMBER 15, 1927.

Action at law for money had and received to the use of
plaintiff. At the close of the evidence, the trial court directed
a verdict for the defendant, and entered judgment for costs
against the plaintiff. From this order and judgment the plain-
tiff has appealed.—*Reversed.*

*Victor Shultz*, for appellant.

*James B. Ryan*, for appellee.

EVANS, C. J.—We have no argument for the appellee, and
we are left quite in the dark as to the particular ground upon

1. BAILMENT:
conversion:
liability of
bailee.

which the trial court sustained the defendant's
motion. The plaintiff pleaded that, on or about
April 10, 1923, she delivered to the defendant's
salesmen a piano, and that she received from the defendant the
following receipt therefor:

"In consideration of one upright Rembrandt Mahogany
Piano, No. 33970, received by us on March 29th, we are entering

a credit on our books in the amount of $175.00 as agreed upon and for which this letter constitutes a due bill to be available to you as a credit against the purchase at some future time of a new piano.''

It is further pleaded that the defendant, shortly thereafter, sold said piano for the sum of $175, and has ever since refused to pay the same to the plaintiff. The defendant answered with a general denial, qualified by the admission of the receipt of the piano and the sale of the same at the price stated. No affirmative defense was pleaded. The petition is somewhat meager in its allegations, and could well have been improved. The evidence on behalf of plaintiff is also indefinite, and leaves much to inference, which could better have been stated directly. The defendant introduced no evidence.

The evidence for the plaintiff and the reasonable inferences therefrom tend to show that, at the time of the delivery of her piano, the plaintiff was contemplating the purchase of a new piano sometime in the future, and was desirous of turning in her old piano on the purchase price. There was no present agreement by which the plaintiff bound herself to buy, nor did the defendant bind himself to sell. No piano was ever designated, nor any price ever fixed or stated.

It will be noted in the receipt issued by the defendant that he did not promise to pay $175 for the piano. He promised only to give a credit therefor to the amount of $175 upon the purchase price of a new piano. The defendant, therefore, was not liable upon the receipt as a mere promise to pay. This was, perhaps, the reason why the trial court directed the verdict. The result of the judgment, however, is to deprive the plaintiff of her piano without any consideration whatever, and likewise to award the same to the defendant, though he paid nothing therefor.

The delivery to the defendant, under the terms of the receipt, was purely tentative, and constituted the defendant a mere bailee, for the time being. In view of the total failure of the contemplated purchase, the contemplated consideration for the delivery of the piano wholly failed, and the plaintiff became entitled to demand its return. In such a case, the defendant could have met his full obligation by returning the piano. Inasmuch as he sold the piano,

his liability was converted into a money demand for the reasonable value thereof. Having converted the plaintiff's piano into money, he became liable, at her election, as for money had and received. 41 Corpus Juris 38, Section 17.

2. EVIDENCE: opinion evidence: value: selling price. The evidence of the plaintiff tended to show that her piano was worth $175. The very fact that it was sold for such sum by the defendant is itself satisfactory proof of such value. We are of the opinion that the motion for a directed verdict was improperly sustained.

The judgment below is, accordingly,—*Reversed.*

DE GRAFF, ALBERT, MORLING, and WAGNER, JJ., concur.